UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| PURINA ANIMAL NUTRITION, LLC, formerly known as Land O'Lakes Purina Feed LLC, | ) ) ) ) | CIV. 13-4099-KES |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| K.C. DAIRIES, L.L.P., | ) ) | |
| Defendant. | ) | |

Defendant, K.C. Dairies, L.L.P., moves for leave to amend its answer and counterclaims. Plaintiff, Purina Animal Nutrition, LLC, opposes the motion and contends that the motion to amend should be denied because of futility. The motion is granted. K.C. Dairies also moves to modify and stay the existing scheduling order until this court decides its motion for leave to amend and Purina produces all responsive documents.

Rule 15 of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has stated:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962). Amendments to pleadings should be allowed with liberality. *Klipsch, Inc. v. WWR Tech., Inc.,* 127 F.3d 729, 733 (8th Cir. 1997).

Purina opposes the motion for the sole reason that the amendment would be futile. In evaluating a motion to amend for futility, the district court should consider whether the amendments could withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b). *Zutz v. Nelson,* 601 F.3d 842, 850-51 (8th Cir. 2010), *cert. denied,* 131 S. Ct. 524 (2010). In determining whether the amended pleading would survive a motion to dismiss, the counterclaim must state sufficient facts to "state a claim to relief that is plausible on its face." *Retro Television Network, Inc. v. Luken Commc'n, L.L.C.,* 696 F.3d 766, 768 (8th Cir. 2012).

After considering each of the counterclaims as alleged in the proposed amended answer and counterclaims, the court finds that K.C. Dairies has met its burden of alleging sufficient facts to state a claim to relief that is plausible on its face. Therefore, K.C. Dairies' motion for leave to amend its answer and counterclaim is granted. The amended answer and counterclaim should be served on Purina by April 21, 2014.

Next K.C. Dairies seeks to modify and stay the existing scheduling order. A Rule 16 scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A stay may be granted under the inherent powers of the court for purposes of controlling the docket, conserving

judicial resources, and providing for a just determination of the cases pending before the court. *Contracting N.W., Inc. v. City of Fredricksburg, Ia.,* 713 F.2d 382, 387 (8th Cir. 1983).

This action was commenced on September 13, 2013, and this scheduling order has been modified one previous time based on an agreement of the parties. Because the court granted the motion to amend the answer and counterclaims, the scope of discovery has expanded. This alone is sufficient good cause to modify the existing scheduling order.

K.C. Dairies also contends that Purina has failed to produce all responsive documents to its discovery requests and in some instances merely indicated that it will produce documents in the future. K.C. Dairies has moved to compel a response, however, so the court will not address this issue and will not stay the scheduling order indefinitely based on this contention.

Purina raises a concern that K.C. Dairies has not paid other vendors and that the other vendors are in the process of obtaining judgment liens and foreclosing on K.C. Dairies' assets. K.C. Dairies responds that the motion for summary judgment in that case was denied and a scheduling order has not been entered in that matter. While this is not sufficient reason to deny K.C. Dairies' motion to modify the scheduling order, it is good reason to grant only a short extension of time. As a result, all deadlines in the existing scheduling order will be extended by three months. Experts will be disclosed by **July 14, 2014**, with rebuttal by **August 19, 2014.** All discovery must be completed by

3

**December 2, 2014.** All motions, other than motions in limine, are due by **December 29, 2014.** All other provisions of the court's prior scheduling order will remain in effect. It is

ORDERED that K.C. Dairies' motion for leave to amend its answer and counterclaim (Docket 24) is granted.

IT IS FURTHER ORDERED that K.C. Dairies' motion (Docket 29) to modify the scheduling order is granted and the motion to stay the scheduling order is denied.

Dated April 17, 2014.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE