UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | |
|---|---|
| PURINA ANIMAL NUTRITION, LLC, Formerly known as Land O'Lakes Purina Feed, LLC,<br><br>Plaintiff,<br><br>v.<br><br>K.C. DAIRIES, LLP,<br><br>Defendant. | Civ. No. 13-4099-KES<br><br>DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S AMENDED COUNTERCLAIMS AGAINST PLAINTIFF |

---

**COMES NOW** Defendant K.C. Dairies, LLP, (hereinafter "Defendant"), by and through its attorney of record, and for its Amended Answer to Plaintiff's Complaint and its Amended Counterclaim against Plaintiff, states and alleges as follows:

## ANSWER

1. Defendant denies each and every allegation of the Complaint except as hereinafter specifically admitted.

2. In answering paragraph 1 of the Complaint, Defendant is without sufficient information to admit or deny the allegations, and thus, denies the same and remits Plaintiff to strict proof thereof.

3. In answering paragraph 2 of the Complaint, Defendant admits Defendant is a South Dakota limited liability partnership and admits that the partners are as listed in paragraph 2. Edward Kavanagh is the managing partner of Defendant. Kavanagh resides in South Dakota where Defendant's dairy is located.

4. Defendant admits paragraph 3 of the Complaint.

5. Defendant admits paragraph 4 of the Complaint.

1

6. Defendant admits paragraph 5 of the Complaint.

7. Defendant admits paragraph 6 of the Complaint.

8. In answering paragraph 7 of the Complaint, Defendant admits that it signed and submitted a credit application and agreement containing credit and payment terms and such document is attached to Plaintiff's Complaint as Exhibit A ("Credit Application").  Defendant denies the Credit Application specifically contemplates Defendant's purchase of animal feed products and/or nutritional consulting services from Plaintiff.  Although Exhibit A of Plaintiff's Complaint is, at least in part, illegible, Defendant admits the Credit Application was signed by Edward Kavanagh as the authorized representative of Defendant.  Defendant further admits Kavanagh is the registered agent of Defendant.

9. In answering paragraph 8 of the Complaint, Defendant states the Credit Application, attached to Plaintiff's Complaint as Exhibit A, notwithstanding the document's general illegibility, speaks for itself.  Further, Defendant denies the Credit Application contemplated the purchase of nutritional consulting services.  Defendant denies the remaining allegations contained in paragraph 8 and remits Plaintiff to strict proof thereof.

10. In answering paragraph 9 of the Complaint, Defendant denies the Credit Application, other than a disclaimer of warranties, contains terms relating to the supply of animal feed beyond payment and credit terms.  Defendant further denies the Credit Application contemplates Plaintiff supplying Defendant with nutritional consulting services.

11. Defendant denies the allegations contained in paragraphs 10, 11, 12, 13 and 14 of the Complaint.

12. In answering paragraph 15 of the Complaint, Defendant admits the animal feed sold by Plaintiff is a "good" under SDCL 57A-2-105; however, Defendant denies nutritional

consulting services provided by Purina are a "good" under South Dakota's adoption of the Uniform Commercial Code.

13. In answering paragraph 16 of the Complaint, Defendant admits it received both animal feed and nutritional consulting services from Plaintiff. Defendant's acceptance of animal feed and/or nutritional consulting services from Plaintiff was a result of misrepresentations by Plaintiff. Defendant notified Plaintiff of the failures of the animal feed and the nutritional consulting services.

14. In answering paragraph 17 of the Complaint, Defendant admits it fed animal feed received from Plaintiff to Defendant's dairy feed.

15. In answering paragraphs 18 and 19, Defendant remits Plaintiff to strict proof of the allegations contained therein and denies Plaintiff is entitled to recover the asserted price or finance charges of the animal feed or nutritional consulting services provided by Plaintiff as such animal feed and nutritional consulting services failed of their respective essential purposes. Further, Plaintiff is not entitled to any remedy under South Dakota's adoption of the Uniform Commercial Code for nutritional consulting services provided to Defendant.

16. In answering paragraph 20 of the Complaint, Defendant admits the parties entered into contracts for Plaintiff to provide animal feed and nutritional consulting services.

17. Defendant denies the allegations contained in paragraphs 21, 22 and 23.

18. Defendant denies the allegations contained in paragraphs 24, 25, 26 and 27.

## AFFIRMATIVE DEFENSES

19. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

20. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands or *in pari delicto*.

21. Plaintiff's claims are barred, in whole or in part, by Plaintiff's fraudulent concealment.

22. Plaintiff's claims are barred, in whole or in part, by Plaintiff's fraud in inducing Defendant to not claim non-confirming goods on the part of the animal feeds supplied by Plaintiff.

23. Plaintiff's claims for attorneys' fees and finance charges are barred, in whole or in part, by the lack of a contractual or statutory provision allowing for the same.

24. Plaintiff's claims are barred, in whole or in part, by the unconscionability of the Credit Agreement.

25. Plaintiff's claims are barred, in whole or in part, on the basis of the Credit Agreement being a contract of adhesion.

26. Plaintiff's claims are barred, in whole or in part, by the unconscionability of the contracts entered into between the parties.

27. Plaintiff's claims are barred, in whole or in part, by Plaintiff's frustration of the purpose of the parties' contracts for the purchase of animal feed and nutritional consulting services.

28. Plaintiff's claims are barred, in whole or in part, by Plaintiff's breaches of contract.

29. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to act in a commercially reasonably manner.

30. Plaintiff's claims are barred, in whole or in part, by Defendant's notification to Plaintiff, within a reasonable time, of the defect in the good provided by Plaintiff.

## COUNTERCLAIMS

The Defendant for its counterclaim against Plaintiff states and alleges as follows:

1. Defendant incorporates each allegation of its Amended Answer as if set forth herein.

2. Since September 2004, Defendant has operated diary cow milking facility near the City of Elkton, Brookings County, South Dakota, which has, during the course of times materials, ranged in number of cows from 1,200 to nearly 2,000.

3. From approximately January/February 2009 until May 2013, Plaintiff provided animal feed, including but not limited to a specific product called "Propel", and nutritional consulting services to Defendant.

4. From 2007 through May 2013, Defendant relied on Plaintiff's expertise on the areas of proper animal feed and nutritional choices made for Defendant's cow herd in order to maximize milk production volume and manage Defendant's raw milk components, including, but expressly not limited to, butterfat content, protein, and other solids.

5. During all times material, Defendant had a business relationship with Valley Queen Cheese Factory, Inc. of Milbank, South Dakota ("Valley Queen").

6. Pursuant to their business relationship, Defendant sold its raw milk to Valley Queen for a period of approximately nine years. Defendant's business relationship with Valley Queen ended in October 2013.

7. Compensation to Defendant by Valley Queen was paid on the basis of milk quantity and quality, including milk components, including, but expressly not limited to, butterfat content, protein, and other solids.

8. Plaintiff, through a nutrition consultant, provided nutritional consulting services to Defendant from 2007 through May 2013.

9. During the course of Defendant's business relationship with Plaintiff, Plaintiff's nutritional consultant was responsible for giving nutritional advice and for formulating feed ration selections and ration quantities for Defendant.

10. On a regular basis Plaintiff's nutritional consultant would communicate feed rations Defendant to feed to Defendant's dairy cattle.

11. Plaintiff's nutritional consultant communicated feed orders and ordered on behalf of Defendant, to CHS, Inc., an animal feed producer, who in turn mixed the feed rations ordered by Plaintiff's nutritional consultant.

12. During the course of Defendant's business relationship with Plaintiff, Plaintiff became aware of complications Defendant's dairy cattle were having with digestion, including displaced abdomens, caused by a twisting of the cattle's rumen.

13. The health of Defendant's dairy cattle has been negatively impacted by digestion problems experienced during Defendant's business relationship with Plaintiff.

14. During the course of Defendant's business relationship with Plaintiff, Defendant experienced unsatisfactory component levels in Defendant's raw milk being sold to Valley Queen.  The unsatisfactory component levels resulted in a reduced price paid by Valley Queen to Defendant.

15. At the direction of Plaintiff's nutritional consultant, and represented to Defendant to be an effort to improve Defendant's unsatisfactory raw milk component test results, Defendant agreed to feed Defendant's cattle, among other animal feeds including, but not limited to, Propel, a feed product marketed by Plaintiff.

16. Upon information and belief, Plaintiff's animal feed formulation, including but not limited to, Propel, contained ingredients, including active fats, which resulted in failing to maximize the utility of the feed and causing increased feed costs to Defendant as a result of

failing to satisfy the milk production of Defendant's dairy cattle's performance to satisfy a high yielding herd.

17. Upon information and belief, Plaintiff changed the make-up and ingredients of Propel during the course of the parties' business relationship.

18. In response to unsatisfactory raw milk component testing communicated by Valley Queen, Plaintiff's nutritional consultant advised Defendant Valley Queen was responsible for Defendant's unsatisfactory raw milk component test results.

19. Plaintiff's nutritional consultant advised Defendant Valley Queen's method of storing and shipping Defendant's raw milk was a cause of Defendant's unsatisfactory raw milk component test results.

20. At the direction of Plaintiff's nutritional consultant, Defendant installed a drip line sampler in order to identify whether or not Valley Queen's method of storing and shipping Defendant's raw milk was the cause of Defendant's unsatisfactory raw milk component test results.

21. Among other reasons, learning of Defendant's installation of the drip line sampler, resulted Valley Queen terminated its business relationship with Defendant.

22. Upon information and belief, Plaintiff's nutritional consultant sought to personally benefit financially in sales of Propel to Defendant and in negatively impacting Defendant's business relationship with Valley Queen.

23. Plaintiff, through Plaintiff's nutritional consultant, sought to purchase Defendant's raw milk rather than Defendant selling such milk to Valley Queen.

## COUNT ONE
## NEGLIGENCE

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

24.     Plaintiff had a duty to exercise reasonable care in its provision of nutritional consulting services to Defendant.

25.     Plaintiff had a duty to use, through its agents and employees, the degree of care and skill ordinarily exercised under similar circumstances by nutritional consultants in good standing in that profession and to be diligent in an effort to accomplish the purposes for which it was engaged.

26.     As a direct and proximate cause of Plaintiff's failure to exercise reasonable care in its provision of nutritional consulting services to Defendant, through the increase in animal feed costs and a decrease in Defendant's raw milk components, Defendant has been damaged in an amount to be proven at trial.

## COUNT TWO
## BREACH OF CONTRACT

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

27.     Defendant and Plaintiff entered into one or more contracts for Plaintiff's performance of nutritional consulting services for Defendant and such services were performed by Plaintiff and paid for by Defendant.

28.     Such contract(s) included the implicit term that such nutritional consulting services would be provided in a reasonable manner and with a degree of care and skill ordinarily exercised under similar circumstances by nutritional consultants in good standing in that profession and to be diligent in an effort to accomplish the purposes for which it was engaged.

29.     By failing to provide such nutritional consulting services in a reasonable manner and with a degree of care and skill ordinarily exercised under similar circumstances by nutritional consultants in good standing in that profession, Plaintiff breach the parties' contract(s)

30.     As a direct and proximate cause of Plaintiff's breach of contract, Defendant has been damaged in an amount to be proven at trial.

## COUNT THREE
## NEGLIGENT MISREPRESENATION – PERFORMANCE OF FEED

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

36.     At various times beginning in 2011, Plaintiff misrepresented to Defendant that Plaintiff's proposed animal feed mix and rationing for Defendant's dairy cattle would improve Defendant's unsatisfactory raw milk component test results.  Plaintiff further misrepresented to Defendant Plaintiff's expertise and ability to provide nutritional consulting services.

37.     Defendant relied on Plaintiff's representations of special knowledge

38.     Plaintiff made representations that Plaintiff's proposed animal feed mix and rationing for Defendant's dairy cattle would improve Defendant's unsatisfactory raw milk component test results without reasonable grounds to believe Plaintiff's proposed animal feed mix and rationing for Defendant's dairy cattle would improve Defendant's unsatisfactory raw milk component test results.

39.     Defendant agreed to purchase from Plaintiff and feed Plaintiff's animal feed mix and rationing for Defendant's dairy cattle with actual and justifiable reliance on the representations, including the representation of Plaintiff's ability to provide nutritional consulting services, of Plaintiff.

40.     As a direct and proximate cause of Plaintiff's negligent misrepresentations, Defendant has been damaged in an amount to be proven at trial.

## COUNT FOUR
## FRAUDULENT MISREPRESENTATION – PERFORMANCE OF FEED

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

41. At various times beginning in 2011, Plaintiff represented to Defendant that Plaintiff's proposed animal feed mix and rationing for Defendant's dairy cattle would improve Defendant's unsatisfactory raw milk component test results. Plaintiff further represented to Defendant Plaintiff's expertise and ability to provide nutritional consulting services.

42. Plaintiff made representations that Plaintiff's proposed animal feed mix and rationing for Defendant's dairy cattle would improve Defendant's unsatisfactory raw milk component test results without reasonable grounds to believe Plaintiff's proposed animal feed mix and rationing for Defendant's dairy cattle would improve Defendant's unsatisfactory raw milk component test results to be true.

43. Plaintiff made such representations with the intent to deceive Defendant for the purpose of inducing Defendant to purchase additional animal feed and nutritional consulting services from Plaintiff.

44. Defendant agreed to purchase from Plaintiff and feed Plaintiff's animal feed mix and rationing for Defendant's dairy cattle with actual and justifiable reliance on the representations, including the representation of Plaintiff's ability to provide nutritional consulting services, of Plaintiff.

45. As a direct and proximate cause of Plaintiff's negligent misrepresentations, Defendant has been damaged in an amount to be proven at trial.

46. Plaintiff's fraudulent misrepresentation, as set forth above, was willful, wanton, oppressive, malicious, and intentional, thereby warranting the imposition of punitive damages pursuant to SDCL 21-3-2.

## COUNT FIVE
## PROMISSORY ESTOPPEL

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

47. In reliance on Plaintiff's promises to resolve problems Defendant experienced with Defendant's dairy cattle digestion and with unsatisfactory raw milk component test results, Defendant continued its business relationship with Plaintiff.

48. Defendant's reliance on Plaintiff's promises of resolving these problems caused Defendant to suffer substantial economic damages as a result of Plaintiff's failure to resolve Defendant's problems.

49. Defendant's reliance and economic losses were foreseeable to Plaintiff.

50. Defendant acted reasonably in justifiable reliance on Plaintiff's promises of improved cattle performance and raw milk component test results.

51. As a direct and proximate cause of Plaintiff's unfulfilled promises of improved cattle performance and raw milk component test results, Defendant has been damaged in an amount to be proven at trial.

## COUNT SIX
## UNJUST ENRICHMENT – INCREASED FEED COSTS

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

52. Plaintiff received a benefit and realized a gain from its wrongful acts, by wrongfully receiving and benefiting from Defendant's increased need, consumption and purchase of animal feed, as the animal feed recommended and sold by Plaintiff to Defendant failed to satisfy the nutrition needs of Defendant's high yielding dairy herd.

53.     Plaintiff was aware of the benefit being conferred to it as a result of Defendant's increased need, consumption and purchase of animal feed.

54.     Equity commands that the monies which were paid by Defendant to Plaintiff over and above the cost of feed which would have otherwise been consumed by Defendant be disgorged from Plaintiff and delivered to Defendant to prevent Plaintiff from gaining and profiting from its wrongful acts.

## COUNT SEVEN
## UNJUST ENRICHMENT – NUTRITIONAL CONSULTING SERVICES

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

55.     Plaintiff, by wrongfully receiving and benefiting from Defendant's purchase of nutritional consulting services, received a benefit and realized a gain from its wrongful acts.

56.     Plaintiff was aware of the benefit being conferred to it from Defendant's purchase of nutritional consulting services.

57.     Equity commands that the monies which were paid by Defendant to Plaintiff for the purchase of nutritional consulting services be disgorged from Plaintiff and delivered to Defendant to prevent Plaintiff from gaining and profiting from its wrongful acts.

## COUNT EIGHT
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

58.     With respect to Propel and other animal feed subject of this action, Plaintiff is a merchant who deals in the kind sold.

59. Upon information and belief, Plaintiff's sale of Propel and other animal feed subject of this action, included an implied warranty that Propel and other animal feed subject of this action would be merchantable.

60. Upon information and belief, Propel and other animal feed subject of this action were not merchantable.

61. Any warranty disclaimer included in the Credit Agreement is not related to Defendant's purchase of animal feed, including but expressly not limited to Propel, and any such warranty disclaimer fails for its essential purpose.

62. Upon information and belief, Plaintiff breached is implied warranty of merchantability.

63. Plaintiff's breach of its implied warranty of merchantability proximately caused damages sustained by Defendant.

64. Plaintiff had actual or constructive notice of the breach of warranty of Propel and other animal feed subject of this action.

65. Defendant's damages described herein are recoverable damages under SDCL 57A-2-715.

## COUNT NINE
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

66. Plaintiff knew or had reason to know of Defendant's particular purpose for buying Propel and other animal feed subject of this action.

67. Upon information and belief, Plaintiff knew or had reason to know that Defendant was relying on Plaintiff's judgment in selecting appropriate animal feed for the feeding of Defendant's dairy cattle.

68. Defendant in fact, relied upon the skill or judgment of Plaintiff in purchasing appropriate animal feed for the feeding of Defendant's dairy cattle.

69. Plaintiff's sale of Propel and other animal feed for the feeding of Defendant's dairy cattle included an implied warranty of fitness for a particular purpose.

70. Propel and other animal feed for the feeding of Defendant's dairy cattle failed to comply with the implied warranty of fitness for a particular purpose.

71. Any warranty disclaimer included in the Credit Agreement is not related to Defendant's purchase of animal feed, including but expressly not limited to Propel, and any such warranty disclaimer fails for its essential purpose.

72. Plaintiff's breach of its implied warranty of fitness for a particular purpose proximately caused the damages sustained by Defendant.

73. Plaintiff had actual or constructive notice of the breach of warranty of Propel and other animal feed subject of this action.

74. Defendant's damages described herein are recoverable damages under SDCL 57A-2-715.

## COUNT TEN
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

Defendant incorporates all paragraphs of this Counterclaim as if fully set forth under this Count and further alleges that:

75. During all times relevant and until October 2013, Defendant had an existing business relationship with Valley Queen whereby Defendant sold Valley Queen purchased raw milk produced by Defendant's dairy operation.

76. Plaintiff, at all times relevant, was aware of Defendant's business relationship with Valley Queen, or should have known of it.

77. By accusing Valley Queen of being the source of Defendant's unsatisfactory raw milk component test results, Plaintiff intentionally and unjustifiably improperly acted to interfere with Defendant's business relationship with Valley Queen.

78. Plaintiff's intentionally and unjustified interference caused Valley Queen to terminate its business relationship with Defendant.

79. As a result of Plaintiff's conduct, Defendant suffered damages to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against the Plaintiff as follows:

(1) For compensatory, general, and special damages in an amount to be determined by the jury to compensate Defendant for Plaintiff's negligence, negligent misrepresentations, fraudulent misrepresentations, breaches of warranty, interference with business relationship, and promissory estoppel;

(2) For the disgorgement of the benefits wrongfully realized by Defendant's unjust enrichment;

(3) For punitive damages pursuant to SDCL 21-3-2;

(4) For Plaintiff's costs and disbursements herein;

(5) For prejudgment and post-judgment interest; and

(6) For such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues triable to a jury in this matter.

Dated this 3rd day of June, 2014.

/s/ *Paul W. Tschetter*
   *Filed Electronically*
Jason R. Sutton

>Paul W. Tschetter
>Meghann M. Joyce
>BOYCE, GREENFIELD, PASHBY & WELK, L.L.P.
>300 S. Main Ave.
>P.O. Box 5015
>Sioux Falls, SD 57117-5015
>(605) 336-2424
>*Attorneys for the Defendant K.C. Dairies, LLP*

## CERTIFICATE OF SERVICE

I, Paul W. Tschetter, hereby certify that I am a member of the law firm of Boyce, Greenfield, Pashby & Welk, L.L.P. and that on the 3rd day of June, 2014, I electronically filed Defendant's Amended Answer to Plaintiff's Complaint and Defendant's Amended Counterclaims Against Plaintiff with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filings to the following attorneys:

- Jonathan C. Miesen (JCMiesen@landolakes.com)
- Shawn M. Nichols (snichols@cadlaw.com)

>/s/ *Paul W. Tschetter*
>   *Filed Electronically*
>Paul W. Tschetter